UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN PRICE,<br><br>                             Plaintiff,<br><br>        v.<br><br>DICK'S SPORTING GOODS INC, et al.<br><br>                             Defendants. | Case No. 3:24-cv-05585-TLF<br><br>ORDER GRANTING DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant Dick's Sporting Goods, Inc.'s ("defendant") Motion for Summary Judgment. Dkt. 29.

The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 11.[1]

Considering each party's briefs, the oral argument, and the record, the Court GRANTS defendant's motion for summary judgment. Plaintiff Justin Price ("plaintiff") has not presented evidence creating a genuine dispute of material fact, and he has not met his burden under Washington law to establish negligence.

## I.      Factual Background

This case was removed from the Pierce County Superior Court based on diversity of citizenship. Dkt. 1. The dispute arises from an incident that occurred on October 10, 2021 at the Dick's Sporting Goods in the Tacoma Mall in Tacoma, Pierce

---

[1] During oral argument, the Court asked counsel for plaintiff whether plaintiff was requesting to remove the Doe defendant, and Counsel stated that yes, the plaintiff confirmed the Doe defendant was no longer to be included in the caption as a potential party in this case. Dkt. 53. The Clerk of Court is directed to remove the Doe defendant from the caption.

County, Washington. Dkt. 1-3, Complaint. Plaintiff entered defendant's store to buy "[t]ents and some tent weights." Dkt. 25, Declaration of Sarah Tuthill-Kveton ("Tuthill-Kveton Decl."), Ex. A, Deposition of Justin Price at 39:24. After going up the escalator, plaintiff picked up two pop-up tent canopies and accompanying weights *Id*. at 42:16-26. Plaintiff testified the merchandise was too heavy to carry alone, so he requested assistance from a store employee. *Id*.

A store employee, later identified as Bailey Smith, assisted plaintiff with getting the tents and weights downstairs, and proceeded to carry the 80-pound weights down the escalator. *Id*. at 43:2-10; Dkt. 25. Declaration of Sara L. Lee ("Lee Decl."), Exhibit H, Defendant's Response to Plaintiff's Rog. No. 9. Plaintiff followed behind Smith, carrying the two tents. Tuthill-Kveton Decl., Ex A at 43:8-10. As he got on the escalator, he sat the tents on the escalator's stairs, and lost grip on one of them because it was "kicked out" of his hands due to the movement of the stairs. *Id*. at 53:9-25. He claims "the manager caught it with his foot," but then it slipped and slid to the bottom of the escalator. *Id*. at 43:10-15. Video footage shows the employee was already at the bottom of the escalator when the pop-up tent slid down behind him. Tuthill-Kveton Decl., Ex. B, Video. Bailey Smith stated in his deposition that he was already at the bottom of the escalator. *Id*., Ex. C, Deposition of Bailey Smith at 12:24-25, 13:1-6.

After the tent reached the bottom, the escalator "instantly" and "unexpectedly" came to an "abrupt" stop. Dkt. 1-3 at 3. It stopped after the tent pole hit the bottom comb plate, a safety feature built into the escalator. Dkt. 31, Declaration of Eddie Recardo ("Recardo Decl.") ¶¶ 6-7. Plaintiff testified it stopped "violently," causing him to twist his

ORDER GRANTING DEFENDANT DICK'S SPORTING
GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
- 2

1    knee. *Id*. at 43:17-22. Plaintiff continued to walk to the cash registers to buy the tents.

2    *Id*. at 54:7-14.

3                    II.    **Summary Judgment Legal Standard**

4            Summary judgment is proper if "there is no genuine dispute as to any material

5    fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A

6    fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine

7    if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

8    party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

9            Once a motion for summary judgment is properly made and supported, the

10   opposing party "must come forward with specific facts showing that there is a genuine

11   issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

12   (1986) (quotation marks omitted). The Court then views the facts in the light most

13   favorable to the nonmoving party and resolves any ambiguity in that party's favor. *See*

14   *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).

15           Ultimately, summary judgment is appropriate against a party who "fails to make a

16   showing sufficient to establish the existence of an element essential to that party's case,

17   and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

18   477 U.S. 317, 322 (1986). Under the Erie doctrine, federal courts sitting in diversity

19   apply state substantive law and federal procedural law. *Erie R.R. Co. V. Tompkins*, 304

20   U.S. 64, 58 (1938).

21

22

23

24

25   ORDER GRANTING DEFENDANT DICK'S SPORTING
     GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
     - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### III. Discussion

#### A. Plaintiff's Untimely Response

Defendant timely filed its Motion for Summary Judgment on October 23, 2025 and argues plaintiff's untimely response constitutes a violation of the local rules related to timing and warrants a striking of the response in its entirety. Dkt. 50 at 2.

Local Rules are "law of the United States." *United States v. Hvass*, 355 U.S. 570, 575–76 (1958). Attorneys practicing in this district are required to comply with them. A party may not ignore filing deadlines and anticipate the Court would consider late submissions.

Under the U.S. District Court for the Western District of Washington's Local Civil Rules (LCR), motions for summary judgment must be noted for consideration no earlier than 28 days after filing, and any opposition must be filed and received no later than 21 days after the filing date of the motion. LCR 7(d)(3). Replies are due no later than 28 days after filing. *Id*.

Plaintiff's opposition was due on November 13, 2025. Plaintiff did not comply with that deadline, and defendant re-noted the motion to December 5, 2025. Dkt. 35. The re-noting had no effect on the response deadline imposed by the Local Civil Rules. Plaintiff's current counsel made an appearance on November 7, 2025; his former counsel withdrew on December 1, 2025. Dkt. 33, 34. Yet, plaintiff did not submit any response until December 17, 2025 -- more than thirty days after the deadline mandated by the rules. Dkt. 38. On December 18, 2025, the Court issued an Order to Show Cause regarding the missed deadline. Dkt. 43.

ORDER GRANTING DEFENDANT DICK'S SPORTING
GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
- 4

Federal Rule of Civil Procedure 6(b)(1)(B) permits extension of a deadline after its expiration only upon a showing of "excusable neglect." Plaintiff did not make a timely motion to extend the deadline and has not made that showing. In response to the Court's Order to Show Cause, plaintiff's counsel contends the delay resulted from difficulty obtaining files from former counsel and concern about disclosing sensitive information. Dkt. 46. These explanations do not constitute excusable neglect.

Plaintiff could have moved for an extension of the deadline under Fed. R. Civ. P. 6 (b)(1)(A), or otherwise alerted the Court that additional time was necessary. And his attorney also failed to communicate with defense counsel. *See* LCR 7(j) (emergency procedure for relief from deadlines). Accordingly, the Court will not consider the brief. The Court considers the attached exhibits, because they are evidence that would be relevant to the Court's summary judgment review, but the Court declines to consider plaintiff's response brief.[2]

## B.  Alternative Analysis

Even if the Court disregards plaintiff's brief, the Court may review Rule 56(d) and spoliation concerns as they are considered as part of the Court's summary judgment analysis; the issues are meritless.

### a.  Continuance Under Rule 56

A party seeking Rule 56(d) relief bears the burden of demonstrating, in affidavit or declaration, (1) the specific facts it hopes to elicit from further discovery; (2) the facts

---

[2]The Court is not granting summary judgment as a sanction for plaintiff's late filing. A motion for summary judgment may be granted only if the movant independently demonstrates the absence of a genuine dispute of material fact, not as a sanction for the violation of local rules. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995).

ORDER GRANTING DEFENDANT DICK'S SPORTING GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
- 5

1  sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

2  *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th

3  Cir. 2008) (citing *State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v.*

4  *Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)); *see also Tatum v. City & Cnty. of San*

5  *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance

6  pursuant to Rule 56([d]) must identify by affidavit [or declaration] the specific facts that

7  further discovery would reveal and explain why those facts would preclude summary

8  judgment."). Failure to comply with these requirements is a proper basis for denying

9  relief. *Tatum,* 441 F.3d at 1101.

10  Plaintiff did not file a Rule 56(d) motion or submit the required affidavit or

11  declaration. Plaintiff did not identify what specific facts the sought-after discovery would

12  reveal or how those facts would create a genuine issue of material fact sufficient to

13  defeat summary judgment. Discovery was originally to be completed by May 15, 2025

14  (Dkt. 19), but the Court extended the deadline to December 1, 2025. Dkt. 27. A lack of

15  diligence in conducting discovery is grounds for denying a Rule 56(d) request.

16  *Panatronic USA v. AT&T*, 287 F.3d 840, 846 (9th Cir. 2002). Plaintiff has not

17  established diligence or met any of the prerequisites for relief under Rule 56(d). The

18  Court therefore declines to stay this motion pending further discovery or offer any other

19  relief under the Rule. Accordingly, even if considered, plaintiff's Rule 56(d) request

20  would be denied.

21  **b. Spoliation**

22  Fed. R. Civ. P. 37(e) authorizes sanctions only where electronically stored

23  information that should have been preserved is lost because a party failed to take

24

25  ORDER GRANTING DEFENDANT DICK'S SPORTING
GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
- 6

1   reasonable steps to preserve it, and the information cannot be restored or replaced.

2   Plaintiff offers no evidence that any additional surveillance footage ever existed, or that

3   any footage was destroyed after a duty to preserve arose or with intent to deprive. To

4   the contrary, the record shows defendant produced the footage that exists. Dkt. 40, Lee

5   Decl., Ex. I, Supplemental Response to Plaintiff's Rog. No. 6.

6        Rule 37(e) does not apply to information lost before any duty to preserve

7   attached, and routine destruction in the normal course of business does not constitute

8   spoliation absent notice of relevance. *See Mork v. Russell*, 2023 WL 7545518, at *2 (D.

9   Nev. Nov. 14, 2023); *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758

10  (9th Cir. 2009)

11       The incident occurred in October 2021 and the complaint was not filed until June

12  2024. Dkt. 1-3. Plaintiff presents no evidence of destruction, no evidence of notice, and

13  no evidence of intent to deprive. Absent such proof, plaintiff cannot satisfy any element

14  necessary for spoliation sanctions. Thus, plaintiff's spoliation argument would fail even if

15  it were properly before the Court.

16  **C.  Negligence Under Washington Law**

17       To prevail on a negligence claim under Washington law, a plaintiff must

18  establish: (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury,

19  and (4) a proximate cause between the breach and the injury. *Pedroza v. Bryant*, 101

20  Wn.2d 226, 228 (1984). As an escalator operator, defendant is a common carrier owing

21  a duty of the highest care for its passengers' safety compatible with the practical

22  operation of its business. *Knutson v. Macy's W. Stores, Inc.*, 1 Wash. App. 2d 543, 545

23  (2017); *Dabroe v. Rhodes Co.*, 64 Wash.2d 431, 434 (1964). But, the common carrier is

24

25  ORDER GRANTING DEFENDANT DICK'S SPORTING
    GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
    - 7

1  not an insurer of passenger safety, and the mere occurrence of an accident does not

2  establish negligence. *Rathvon v. Columbia Pac. Airlines*, 30 Wash.App. 193, 204

3  (1981), *review denied*, 96 Wash.2d 1025 (1982).

4       The circumstances here closely parallel those in *Tinder v. Nordstrom, Inc.*, in

5  which the plaintiff descended down an escalator while carrying multiple packages, the

6  escalator stopped suddenly, and no malfunction was found either before or after the

7  incident. 84 Wash. App. 787, 793-94 (1997). The court held that a sudden stop, without

8  evidence of a defect or negligent conduct, does not give rise to an inference of

9  negligence and that to hold otherwise would improperly transform the store into an

10  insurer of passenger safety. *Id*. at 794. This case is even less favorable to plaintiff

11  because the stop was not unexplained — it occurred only after plaintiff dropped the

12  merchandise onto the escalator mechanism.

13       Washington courts have long held that common carriers are not liable for

14  ordinary jolts or stops incident to normal operation, and liability requires evidence of

15  conduct outside the ordinary experience from which negligence reasonably be inferred.

16  *See Gentry v. Greyhound Corp*., 46 Wash.2d 631, 633–34 (1955); *see also Benton v.*

17  *Farwest Cab Co*., 63 Wash.2d 859, 862–63 (1964); *Wade v. N. Coast Transp. Co.*, 165

18  Wash. 418, 420–21 (1931). Descriptions such as "violent" or "abrupt" do not, standing

19  alone, establish negligence. See *Wilcoxen v. Seattle*, 32 Wash.2d 734, 738 (1949).

20  These principles apply equally to escalators. *Brown v. Crescent Stores, Inc*., 54 Wash.

21  App. 861, (1989) (citing *Edwards v. Burke*, 36 Wash. 107, 112 (1904) (the same duties

22  which apply to carrying passengers vertically also apply to carrying them horizontally)).

23       In a premises liability case, plaintiff must prove that "the defendant had actual or

24

25  ORDER GRANTING DEFENDANT DICK'S SPORTING
GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
- 8

1   constructive notice of the alleged unsafe condition." *Galassi v. Lowe's Home Centers,*

2   *LLC*, 4 Wn.3d 425, 428 (2025) (citing *Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d

3   605, 612 (2021)). Without evidence of actual or constructive notice, a plaintiff usually

4   cannot establish breach of duty.[3]

5          Plaintiff's complaint broadly alleges that defendant failed to warn of, guard

6   against, or eliminate an unreasonably hazardous condition; failed to safely operate the

7   escalator; and knew or should have known of the hazardous condition. Dkt. 1-3 at 5.

8   These allegations, however, are unsupported by the evidentiary record.

9          There is no evidence of any defect, improper maintenance, or operational failure.

10  To the contrary, the record establishes that the escalator functioned exactly as designed

11  to prevent further harm once a foreign object entered the comb plate area. Dkt. 31,

12  "Recardo Decl." ¶¶ 6-7. Asserting that defendant should have directed him to use the

13  elevator rather than the escalator pursuant to store policy is not persuasive. The policy

14  document applies only to customers with disabilities or special needs. Dkt. 41, Lee

15  Decl., Ex. B. Plaintiff does not contend (and the record does not support) that he is

16  disabled or has special needs. Plaintiff also knew that elevators were available in the

17  store. These facts defeat any claim that defendant breached a duty to warn or redirect

18  plaintiff.

19         Plaintiff fails to establish notice. The alleged "unsafe condition" arose only when

20  plaintiff dropped the tent. Defendant could not have known of or remedied that condition

21

22  _____

    [3] The "mode-of-operation" exception recognized in *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 49 (1983) is
23  inapplicable here. Plaintiff's counsel asserted in oral argument that defendant's method of operation
    created a foreseeable hazard because a store employee led plaintiff towards the escalator, and helped
    plaintiff use the escalator while carrying bulky merchandise. This conclusory assertion is not enough to
24  invoke the narrow *Pimentel* exception.

25  ORDER GRANTING DEFENDANT DICK'S SPORTING
    GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
    - 9

before it occurred, and the stoppage itself does not constitute notice of a preexisting

danger. As in *Tinder*, a post-incident inspection revealed no defect, and plaintiff offers

no evidence to the contrary. *See also Bozzi v. Nordstrom, Inc.*, 186 Cal. App. 4th 755

(2010) (holding that department store did not breach duty to inspect or maintain

escalator where it stopped during external power outage, extensive inspections

revealed no defects, and plaintiff's expert opinions were speculative and unsupported).

### IV.    Conclusion

Because plaintiff has identified no dangerous condition, breach of duty, or

evidence of notice, his negligence claim fails as a matter of law. Defendant's Motion for

Summary Judgment is GRANTED.

Dated this 15th day of January, 2026.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING DEFENDANT DICK'S SPORTING
GOODS, INC.'S MOTION FOR SUMMARY JUDGMENT
- 10